IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONNIE G. BOWEN     PLAINTIFF

v.     Civil No. 5:16-CV-05363

INVESTIGATOR SEAN CHANDLER, et. al.     DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Ronnie G. Bowen, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* At the time this complaint was filed, Plaintiff was incarcerated in the Arkansas Department of Correction Delta Regional Unit. (Doc. 1, p. 2) He is currently not incarcerated.

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

Plaintiff filed his complaint on December 14, 2016. (Doc. 1) He was directed to file an addendum, and did so on May 10, 2017. (Doc. 7) Plaintiff alleges violation of his constitutional rights based on events which occurred between July 8, 2009, through July 10, 2009. (Doc. 1, pp. 3-9). Specifically, Plaintiff alleges that while he was on parole, his property was searched without a warrant at the wrong address, and evidence tampering

-1-

occurred. *Id.* at 6. He alleges false information for the search was allegedly received through a nonexistent "tip" line concerning a methamphetamine lab for which there was no evidence. *Id.* at 7. He alleges the Benton County Sheriff's Department failed to follow proper procedures. *Id.* at 8. He alleges excessive force was utilized in the search because multiple law enforcement teams and a SWAT team were called in. He further alleges his property was damaged in the search. *Id.* at. 9-10; Doc. 7, p. 3. Plaintiff alleges the court clerk authorized the false identity of a person on his charges and violated his rights by stamping her seal on his bond paperwork. (Doc. 1, pp. 10-11)

As relief, Plaintiff asks for compensatory and punitive damages. *Id.* at 13.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal because they are time-barred. The statute of limitations for § 1983 claims is the state statute of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*,

471 U.S. 261 (1985). In Arkansas, this period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105.) Any possible equitable tolling is also controlled by state law, unless that law is inconsistent with the policies behind § 1983. *Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River Cnty. Jail*, 814 F.2d 532 (8th Cir. 1987).

The accrual date of a § 1983 cause of action is controlled by federal law. *Wallace v. Kato*, 549 U.S. 384 (2007). Accrual generally occurs when the Plaintiff has "a complete and present cause of action." *Id.* at 388. This is met when "the Plaintiff can file suit and obtain relief." *Id.*

Arkansas does not provide for tolling of the statute of limitations while an inmate pursues state or other remedies. *See* Ark. Code. Ann. § 16-56-126 (tolling permitted for nonsuit or judgment in favor arrested or reversed); § 16-56-116 (tolling provided for individuals who are minors or insane at the time of accrual); § 16-56-120 (tolling provided for improper acts of a party which prevent commencement of action); § 16-56-121 (tolling provided for absconding debtors); § 16-56-125 (tolling provided for unknown tortfeasors). The failure to provide tolling during the pendency of related but independent state actions does not render the state's tolling rules inconsistent with § 1983. *Tomanio*, 446 U.S. at 478.

The accrual date for Plaintiff's § 1983 claims was July of 2009. He filed this complaint in December of 2016, several years past the three-year statute of limitations. Plaintiff has not alleged any facts which could support equitable tolling under Arkansas law. Plaintiff's claim is therefore time-barred.

## III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous and/or asserted against an individual immune from suit. The case is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this 22ND day of May, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE